UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re Application of<br><br>NOA CO., LTD.,<br><br>Applicant. | Case No. 19-mc-80280-LB<br><br>**ORDER REGARDING APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>Re: ECF No. 1 |

NOA Co., Ltd., is a defendant and counterclaimant in a lawsuit in Japan against its owner Yusuke Yamauchi.[1] The plaintiffs are WiLL Co., Ltd., and its owner Akihiko Fukae.[2] Mr. Yamauchi worked at WiLL, a hair salon, for more than eight years before leaving WiLL to open a competitor salon, NOA.[3] Mr. Fukae asked Mr. Yamauchi to sign a "Non-Competition" agreement that prohibited him from taking any customers or employees from WiLL.[4] WiLL customers and employees have followed Mr. Yamauchi to NOA.[6]

---

[1] App. – ECF No. 1 at 4. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 3–4.

[3] *Id.* at 3.

[4] *Id.*

[6] *Id.* at 4.

ORDER – No. 19-mc-80280-LB

On June 22, 2018, WiLL sued NOA and Mr. Yamauchi for breach of contract and interference with business relations.[7] On September 19, 2018, Mr. Yamauchi countersued WiLL and Mr. Fukae for "damages and harassment arising from the alleged false accusations by Mr. Fukae that NOA 'stole' customers and employees of WiLL Co."[8] Mr. Yamauchi also claims that the non-competition clause is void as a matter of law and that he did not violate any specific terms because the customers and employees independently chose to follow him.[9]

NOA contends that Mr. Fukae is harassing its witnesses.[10] Nahoko Tsujimoto is scheduled to appear for her deposition on November 25, 2019.[11] She also is Mr. Yamauchi's girlfriend.[12] On August 8, 2018, Ms. Tsujimoto received Instagram Direct Messages from nooooo02222 and af2af2_.[13] The messages stated:[14]

> He is having sex.
> I will let you know when the number of people increases.
> I wonder how long you'll keep forgiving him even though he's cheated many times before?
> Are you pretending to not notice?
> It's a waste because you could do so much better.
> Good luck, Naho-chan.
> You're the best woman.

The direct messages upset Ms. Tsujimoto, and Mr. Yamauchi is concerned that she will not appear for her deposition or testify truthfully.[15] NOA's attorney in Japan, Tomohiro Kanda,

---

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4–5.

[11] *Id.* at 5.

[12] *Id.*

[13] *Id.*

[14] *Id.*; Direct Message Translations, Ex. A-1 to Mu Decl. – ECF No. 1-3 at 4–5.

[15] App. – ECF No. 1 at 6; Kanda Decl. – ECF No. 1-2 at 4 (¶ 14).

1 believes Mr. Fukae is responsible for the Direct Messages.[16] The application says (without citing

2 evidence) that "[t]his is not the first time that WiLL Co. and its owner Mr. Fukae have intimidated

3 witnesses. . . ."[17] To prove that there is witness tampering to the Japanese court, NOA seeks

4 discovery from Instagram, through its parent company Facebook, Inc., to discover the identities of

5 nooooo02222 and af2af2_ a.[18] The proposed subpoena seeks "All DOCUMENTS identifying the

6 users of [nooooo02222 and af2af2_] from [] August 18, 2018 to the present, including all names,

7 addresses, e-mail addresses, email address for recovery or alternate purpose, and the name,

8 address telephone number of [nooooo02222 and af2af2_]."[19]

The First Amendment protects the right to anonymous speech. *Art of Living Found. v. Does 1–10*, No. 10-CV-05022-LHK, 2011 WL 5444622, *3 (N.D. Cal. Nov. 9, 2011) (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)). That right is not absolute. *Id.* at *4. When third-party providers such as Instagram receive subpoenas to produce identifying information of posters of anonymous speech, the court applies the appropriate First Amendment standard to ensure that a person's right to anonymous speech is protected. *See Music Group Macao Comm'l Offshore Limited v. Does*, No. 14-mc-80328-LB, 2015 WL 930249, at *2 (N.D. Cal. Mar. 2, 2015); *see In re Ex Parte Application of Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *3 (N.D. Cal. July 25, 2019) (citing *Wilens v. Doe Defendant No. 1*, No. 3:14-CV-02419-LB, 2015 WL 4606238, at *15 (N.D. Cal. July 31, 2015), *adopted*, No. 5:14-CV-02419-LHK, 2015 WL 5542529 (N.D. Cal. Sept. 18, 2015)); *see also In re Anonymous Online Speakers*, 661 F.3d 1168, 1174–77 (9th Cir. 2011) (the Ninth Circuit's review of the tests in the area of anonymous online speech). In addition to engaging in the relevant legal analysis, the court routinely conditions the subpoena on notice to the customer and an opportunity to be heard. *See, e.g.*, *UMG Recordings, Inc.*, No. 06-0652 SBA (EMC), 2006 WL 1343597, at *3 (N.D. Cal. Jan. 31, 2006).

---

[16] App. – ECF No. 1 at 6.

[17] *Id.*

[18] *Id.*; Instagram Certificate of Surrender of Business, Ex. B to Kanda Decl. – ECF No. 1-2 at 12.

[19] Proposed Subpoena – ECF No. 1-1 at 6.

ORDER – No. 19-mc-80280-LB 3

Usually, the court sees a request for similar identifying information in the context of an argument that it is defamation. *See, e.g.*, *In re Ex Parte Application of Frontier Co., Ltd.*, 2019 WL 3345348, at *3 (allowing discovery). Here, the utility apparently is witness tampering. If the argument is defamation, there is no declaration that the information is false. If the argument is witness tampering, there is no declaration specifying that a court in Japan would consider and address the information (through, for example, sanctions). The court assumes that witness tampering is important to any court, but that assumption needs to be supported by a declaration. This is a small point that can be remedied by a supplemental declaration.

The larger point is the First Amendment analysis. The application does not address the First Amendment. Moreover, assuming that witness tampering is a viable theory to request the information, given the First Amendment context, there needs to be something more than speculation that Mr. Fukae sent the messages.

The court denies the application without prejudice to NOA's submitting a supplemental declaration addressing the fact issues and a supplemental memorandum of law addressing the First Amendment issues.

**IT IS SO ORDERED.**

Dated: November 24, 2019

_____
LAUREL BEELER
United States Magistrate Judge